# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEDRE JACQUOT and ROBERT JACQUOT,<br><br>        Plaintiffs,<br><br>    v.<br><br>SUNSET SQUARE, a General Partnership; FANACOLE, INC. doing business as LIMON RESTAURANT,<br><br>        Defendants. | Case No.: 1:17-cv-00970-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT<br><br>(Doc. 13) |

Currently pending before the Court is Defendant Fanacole, Inc., dba Limon Restaurant's ("Limon Restaurant") Motion to Set Aside Default. (Doc. 12.) The Court found the motion suitable for decision without oral argument and vacated the hearing scheduled for November 3, 2017. Local Rule 230(g).

## I.     BACKGROUND

Plaintiffs Deirdre and Robert Jacquot ("Plaintiffs") initiated the instant action on July 19, 2017, and filed the operative complaint on July 20, 2017. In the complaint, Plaintiffs allege that they are disabled within the meaning of the Americans with Disabilities Act. Plaintiffs further allege that on

1

December 6, 2017, they drove their 2013 Dodge Truck to the Sunset Square shopping center with the intent to enter and have lunch on Limon Restaurant's outdoor patio before patronizing other Sunset Square facilities. Upon arrival in the parking lot, Plaintiffs allegedly encountered a variety of barriers to access in connection with parking, signage, aisles, and curbs. Plaintiffs contend that they intend to go back to Limon Restaurant when the barriers are removed. Plaintiffs assert that the lack of handicap accessible parking is easily remedied by the placement of signage, correct paint striping the surface of the parking lot, correct parking space and access aisle widths and slopes, and correct access ramps and slopes. Plaintiffs further assert that they suffered injury when they were denied full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of Limon Restaurant, which is a place of public accommodation.

Defendant Sunset Square returned a waiver of service signed on August 17, 2017, by counsel Sean T. O'Rouke. (Doc. 7). Limon Restaurant was served with the Summons and Complaint on July 25, 2017, by delivery to the agent designated by law to accept service of process. (Doc. 6.) Limon Restaurant did not answer the complaint, and the Clerk of the Court entered default against Limon September 5, 2017. (Doc. 10.) On September 13, 2017, Plaintiffs voluntarily dismissed Defendant Sunset Square from this action. (Docs. 11, 12.)

On September 20, 2017, Limon Restaurant, through counsel Sean T. O'Rourke, filed the instant motion to set aside default. (Doc. 13.) Limon Restaurant argues that its counsel announced his representation of both defendants in this action and asked for proofs of service, but Plaintiffs did not provide the proofs of service or provide notice of the intent to seek default. Based on the conduct of Plaintiffs' counsel, Limon Restaurant now seeks to set aside entry of its default.

In support of the motion, Limon Restaurant explains that Plaintiffs have filed six lawsuits, Nos. 00943, 00945, 00946, 00953, 00970 and 01090, claiming that on December 6, 2016, they were going to visit the Sunset Square shopping center and patronize the following businesses: SaveMart, DaVinci's Pizza, Subway, Pack and Ship, Limon Restaurant, State Farm, Martinizing Dry Cleaning, Asuka Japanese Restaurant and Elite Liquors. (Doc. 13-2, Declaration of Sean T. O'Rourke ("O'Rourke Decl.") at ¶ 4.) The allegations in this case, and in every other case, involve handicapped parking space signage and configuration at the Sunset Square shopping center. (Id.) As early as July

31, 2017, eleven days after the complaint was filed, counsel Sean O'Rourke, announced his representation of Sunset Square, and indicated his intent to either represent the interests of the individual tenants (such as Limon Restaurant) or otherwise have them dismissed or have the action stayed as to them. (Id. at ¶ 5.) Thereafter, counsel requested proofs of service from Plaintiffs' counsel on August 4 and August 10, 2017, and on August 17, 2017, expressly asked Plaintiffs' counsel to have certain of the Sunset Square tenants, including Limon Restaurant, dismissed from the action. (Id. at ¶¶ 6-8.) Subsequently, on August 18, 2017, Mr. O'Rourke spoke with Plaintiffs' counsel and advised that he was representing the interests of the minor tenants, again asked about proofs of service, and asked when a response would be due or if they could be dismissed. (Id. at ¶ 9.) On August 23, 2017, Plaintiffs' counsel revealed that he had requested defaults against some minor tenants. (Id. at ¶ 10.) Plaintiffs' counsel later requested default against Limon Restaurant on September 1, 2017. (Id. at ¶ 11; Doc. 9.) On the same date, Mr. O'Rourke wrote to Plaintiffs' counsel and indicated that he should be filing answers for all minor tenants the following week. He also noted that defaults were requested as to DaVinci's and Subway and asked to set them aside via stipulation. Mr. O'Rourke also inquired about what Plaintiffs' counsel wanted to do procedurally about the six cases pending cases. Mr. O'Rourke received no response. (Id. at ¶¶13, 14.) On September 13, 2017, Mr. O'Rourke then wrote to Plaintiffs' counsel to request availability regarding meet and confer in advance of the scheduling conferences for the various cases. (Id. at ¶ 15.) On the same day, after beginning to prepare a Joint Scheduling Conference Statement and noting that Plaintiffs had taken more defaults, Mr. O'Rourke again wrote to Plaintiffs' counsel asking whether counsel would stipulate to set aside the defaults or if he would need to file a motion. (Id. at ¶ 16.)

Plaintiffs filed an opposition to Limon Restaurant's motion on September 28, 2017, arguing that Plaintiffs' counsel did not receive documentation stating that Mr. O'Rourke represented Limon Restaurant until the instant motion to set aside default was filed. (Doc. 15 at ¶ 16.) Plaintiffs' counsel then contacted Mr. O'Rourke on September 23, 2017, asking if he would agree to set aside the voluntary dismissal of Sunset Square. However, Mr. O'Rourke reportedly responded that he would work with Plaintiffs' counsel so long as his client got something out of it. Plaintiffs' counsel reportedly responding that he was not seeking a quid pro quo, but was only attempting to assist Mr. O'

3

Rourke in eliminating the prejudice he caused to the Plaintiffs by his delay in representation Limon Restaurant. Plaintiffs' counsel reports that Mr. O'Rourke had not yet responded. (Doc. 15 at ¶ 17.) Plaintiffs believe that if the default against Limon Restaurant is set aside, then the dismissal against Sunset Square also must be set aside otherwise prejudice will result when Limon Restaurant blames the architectural barriers on Sunset Square. (Id. at ¶ 18.) Plaintiffs further argue that Limon Restaurant has not demonstrated excusable neglect in failing to respond, has not offered a meritorious defense and setting aside the default will result in prejudice to Plaintiffs.

Limon Restaurant filed a reply on October 11, 2017, arguing that settlement negotiations between counsel encompassed settlement of all claims and actions, even actions which had not been filed. (Doc. 16 at pp. 1-2 and Exs. A, B.) Further, Mr. O'Rourke represents that he responded to Plaintiffs' counsel on September 26, 2017, indicating that what made the most sense was "to stipulate to set both the dismissals and defaults aside" and would be happy to meet to discuss the issues. (Id. at pp 3-4 and Ex. C.) Limon Restaurant also argues that it has a meritorious defense and that Plaintiffs have caused prejudice to themselves by delay and dismissal of the owner of the shopping center. (Doc. 16.)

Having reviewed the parties' filings, and for the reasons stated below, the Court recommends that Limon Restaurant's request to set aside the clerk's entry of default should be GRANTED.

**II.     LEGAL STANDARD**

The Federal Rules of Civil Procedure govern the entry of default. Once default has been entered, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In evaluating whether good cause exists, the court may consider "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc*., 375 F.3d 922, 925-26 (9th Cir. 2004). The standard for good cause, "which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.*

On the other hand, when the moving party seeks timely relief from default "and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986). Moreover, the Ninth Circuit has opined "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

### III. DISCUSSION

#### A. Culpable Conduct

With respect to the first good cause factor, the Court concludes that Limon Restaurant has shown that it did not engage in culpable conduct. The Ninth Circuit has held that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original). The concept of "intentionally" in this context refers to conduct that is willful, deliberate, or that evidences bad faith. *Id.* "Neglectful failure to answer as to which the defendant offers a credible good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional'... and is therefore not necessarily—although it certainly may be, once the equitable factors are considered—culpable or inexcusable." *Id.* at 697-98.

Plaintiffs argue that Limon Restaurant "failed to offer any explanation for its delay in filing a response other than it was [Plaintiffs' counsel's] fault because Mr. O'Rourke had mentioned several times that he ***might*** represent the tenants and that he ***should*** file an answer in the future for the tenants." (Doc. 15 at ¶ 21) (emphasis in original). Despite Plaintiffs' argument, it is evident from that record that Mr. O'Rourke repeatedly requested proofs of service and indicated not only an intent to represent the minor tenants, but also to file an answer on behalf of those tenants. Mr. O'Rourke also engaged in settlement negotiations with Plaintiffs' counsel in connection with all claims related to the Sunset Square shopping center parking and signage. There is no indication that Limon Restaurant engaged in any conduct that was willful, deliberate or in bad faith. Consequently, the Court finds that Limon Restaurant's conduct does not meet the culpability standard.

### B. Meritorious Defense

The Ninth Circuit has explained that the "meritorious defense" requirement "is not extraordinarily heavy.'" *Mesle*, 615 F.3d at 1094. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Id.* The truthfulness of the factual allegation "is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation.'" *Mesle*, 615 F.3d at 1094 (quoting *TCI Group*, 244 F.3d at 700).

Limon Restaurant alleges that because the conditions complained of are being repaired by the owner of the shopping complex, then the claims at issue will be moot. Limon Restaurant further contends that that asserted lack of proper signage has already been remedied, and a brand new handicapped parking area has been designed is awaiting City approval. (Doc. 16 at p. 4.) Plaintiffs also have suggested that Limon Restaurant would have the ability to "point to Sunset Square as the liable party" responsible for the alleged barriers. (Doc. 15 at p. 7.) Thus, Limon Restaurant has presented a legally cognizable defense, and the Court determines Limon Restaurant has satisfied its burden to show that it could mount a meritorious defense under the lenient standard set forth in *Mesle*.

### C. Prejudice to Plaintiffs

Finally, the Court must consider whether Plaintiffs will suffer prejudice if the entry of default is set aside. *TCI Group*, 244 F.3d at 696. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" *Id.* at 701 (quoting *Falk*, 739 F.2d at 463). "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." *Id*.

Plaintiffs argue that they will be prejudiced if the default is set aside as they voluntarily dismissed Sunset Square because the default, "which was to be followed by a default judgment, would give Plaintiff all the relief Plaintiff was seeking." (Doc. 15 at p. 7.) Plaintiffs contend that if relief is granted, then the voluntary dismissal must be set aside "otherwise, [Limon Restaurant] could point to Sunset Square as the liable party, resulting in prejudice to Plaintiff." (Id.) Plaintiffs' argument is unpersuasive. First, Plaintiffs voluntarily chose to dismiss Sunset Square before moving for default

judgment and without knowing if such a motion would be granted. Second, had there been no default, Plaintiffs still would have had to address Limon Restaurant's argument, if any, that Sunset Square was the responsible party. Third, and finally, Mr. O'Rourke expressly conveyed to Plaintiffs' counsel, on September 26, 2017, that it made the most sense to stipulate to set both the dismissals and defaults aside," but Plaintiffs' counsel apparently has not elected to agree to such a solution to ameliorate any purported prejudice. For these reasons, the Court finds no prejudice to allowing the suit to proceed.

The Court finds that the above factors weigh in favor of setting aside the Clerk's entry of default. There is a general presumption to try cases on their merits, and the instant case does not warrant a departure from this presumption. *See In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991).

### IV. CONCLUSION AND RECOMMENDATION

The Court finds that Limon Restaurant has demonstrated good cause and therefore RECOMMENDS that Defendant's Motion to Set Aside Default should be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**November 3, 2017**__   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE